[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dan Beard, Inc., ("Beard") is seeking enforcement of a payment bond against the defendant, Cosmar Construction Company ("Cosmar"), which was issued pursuant to49-41 of the Connecticut General Statutes. Cosmar is a Connecticut corporation with an office located in Trumbull, Connecticut.
In the fall of 1991, Cosmar was the general contractor building a public road. Cosmar hired Pave-Rite, Inc. d/b/a J. Mitchell Paving and Sealing Company ("Mitchell") as a paving sub-contractor. Mitchell purchased their materials from Beard.
The defendant filed a denial to the plaintiff's allegations and filed a special defense doctrine of estoppel.
The defendant failed to provide any evidence indicating fraud or misrepresentation to establish that there was in fact any estoppel. Cosmar failed to respond to the request for CT Page 326 admissions filed by the plaintiff on September 11, 1992. According to Practice Book 239, these matters are to be held "conclusively established".
On June 14, 1991 to September 29, 1991 the defendant Cosmar entered into a contract with the State of Connecticut D.O.T. entitled Reconstruction of Division Street in the Towns of Ansonia and Derby, Project #109.
On June 14, 1991, the defendant Cosmar executed a payment for a bond for all materials used in execution of the contract. On or about June 14, 1991 the defendant MCA became obligated as a surety under the payment bond with Cosmar as their principal in the amount of $341,996.30.
On or before September 20, 1991 Cosmar contracted with Pave-Rite, d/b/a J. Mitchell Paving and Sealing Company, a Connecticut Corporation, to perform paving work on Project #109. Cosmar alleged that it made full payment to Pave-Rite, Incorporated. However, they sought no release from Pave-Rite from any liens that might have accumulated before said liens were paid.
The plaintiff made demand upon Pave-Rite, d/b/a J. Mitchell Paving and Sealing Company, for any materials purchased, in the amount of $41,005.60. The defendant Pave-Rite failed to make payment to the plaintiff. The plaintiff relied upon an agreement from Cosmar to the plaintiff to compensate the plaintiff any materials ordered by Pave-Rite on the job whereby Cosmar was the principal contractor. Defendant Cosmar denies the claim based on estoppel and no agreement to reimburse the plaintiff.
Another defense was that the plaintiff Beard had knowledge of Pave-Rite's weak financial status and ignored that fact. Defendant Cosmar relies upon a notation made in the commercial record which identified a Mitchell company as having liens and encumbrances. There is no indication that the plaintiff had any personal knowledge other than the reference to the defendant's name. In fact, upon testimony, the Mitchell Company testified that it had no knowledge of any reference to financial status in the commercial record. There was consideration for payment by Cosmar to the plaintiff because any delay in construction would affect the completion of the job. Any delay in the job would penalize the defendant Cosmar and afford him additional costs. Further, the defendant Cosmar made a direct reference to an CT Page 327 employee of the Beard Company that they would guarantee any payment due the plaintiff by Pave-Rite Company. Defendant Cosmar claims that their refusal to make any acceptance of this agreement negated any such agreement of payment. This argument cannot prevail because there is no evidence of any refusal to take money, merely a non-action of one of the employees.
All parties have agreed that defendant Mitchell has paid $3,000.00 against the bill. Further, there is a finance charge of $605.99 which is not the duty of Cosmar to pay because of non-notice to them at the time the items were purchased.
There is a dispute as to the amount of money due. The plaintiff claims $41,005.60. The defendant claims he has received demand for payment of $40,399.67. The court is obligated to accept the latter figure because that was the demand made upon the defendant. If you deduct the $3,000.00 partial payment and the finance charge of $605.99 against the $40,399.67, the defendant Cosmar is defaulted in the amount of $36,793.68. Therefore, the plaintiff Beard is entitled to judgment in the amount of $36,793.68. The plaintiff claims attorney's fees according to C.G.S. 49-42. This, in the discretion of the Court, is denied. The Court denies any finance charge as against the defendant Cosmar because there is no indication that Cosmar received any invoices that would indicate a finance charge.
The Court awards judgment against MCA Insurance Company who failed to appear for trial on several occasions and would not give any cooperation whatsoever. The counsel for MCA was allowed to withdraw due to MCA's non-cooperation with their attorney of record despite numerous correspondence. It appears that MCA is no longer engaged in business. The Court awards the plaintiff judgment in the amount of $38,005.66. The plaintiff is awarded attorney's fees as against MCA only in the amount of $5,000.00.
BY THE COURT,
Philip E. Mancini, Jr. State Trial Referee CT Page 328